
December 17, 2014
As part of Proof of Claim,
Case No.: 13-50338 ASW 7

While the debtor and myself were cohabiting (for 13 years), the debtor persuaded me to obtain a loan from Washington Mutual, (later sold to the current bank, Chase) which was secured by my sole property and residence at 605 Canyon Drive, Pacifica, CA. The amount owed to the bank at the time of his leaving our relationship was $220,000.00. Debtor appears as a borrower on the Chase loan (see recent statement, attached) but he is not on title to my home. Debtor used at least half of borrowed money for his business and credit card debt. I, claimant, must make the payments to the bank. In February 2008, debtor and myself agreed to a settlement agreement facilitated by a chaplain at the Church of Scientology with addendums.

The loan amount of $220,000.00 was split in half, each of us taking responsibility to repay $110,000.00. Per the settlement agreement, debtor was to pay $1,600.00 to the bank or to me per month since the bank statements came to my address. Debtor made sporadic, inconsistent, infrequent payments, missed numerous payments, only paid $600.00 instead of $1600.00, then stopped making any payments entirely in Feb. 2012 without ever bothering to alert me of his bankruptcy plans and never repaid me for all his missed obligatory payments. I have maintained and paid this loan entirely without his contribution since March 2012, as well as many months before March 2012, which has been a tremendous hardship and burden for me.

I am seeking that the court be aware of this settlement agreement and that Mr. Ingram not be discharged this obligation to the bank and me. Mr. Ingram swore he would never lay claim to my property yet he had no trouble using the equity of my home for his personal debts and needs promising to repay the loan only to walk away from our relationship after he used me and my home's equity. He used $51,000.00 toward his business related bills that he promised to pay back to me, see attachments.

I have no attorney representing me due to financial hardship. I cannot afford to buy food. I receive food from a food bank and food is the last thing on my list yet he claims $1,200.00 a month for food. He claims $964.00 in charitable contributions per month! How is it possible for someone filing for bankruptcy to have a charitable contribution allowance?

In February 2015, the heloc loan will amortize and my payments will become $1,400.00 per month on this loan. I also have a first mortgage payment of $1070.00 per month. Mr. Ingram promised never to use me or my house for his personal gain. He has done all that he promised he never would and created tremendous financial and debilitating hardship for me. He should not be allowed to walk away from this debt to me and Chase.

Sincerely,

Nomi Harper
605 Canyon Drive
Pacifica, CA 94044
650.400.2318